United States District Court
Southern District of Texas
**ENTERED**
March 14, 2019
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § § § | |
| VS. | § § | CRIMINAL ACTION NO. 4:08-CR-§0763 |
| SAMIR RAFIC KHOURY | § | |

## MEMORANDUM & ORDER

The Court has reviewed the information submitted *in camera* by the Government. The question to be decided, from all the evidence, is whether the Government has exercised "reasonable diligence" in prosecuting this case. *See Doggett v. United States*, 505 U.S. 647, 656 (1992) (finding that, "however great the delay," the defendant's speedy trial claim would fail if the Government had pursued the defendant "with reasonable diligence from his indictment to his arrest" and the defendant "could not show specific prejudice to his defense"); *United States v. Molina-Solorio*, 577 F.3d 300, 305 (5th Cir. 2009) (stating that there was no presumed prejudice where the Government had pursued the defendant with reasonable diligence).

From the Court's review of the evidence, it appears that that the decision is one of law rather than fact. The Government has, at various times, sent communications seeking Mr. Khoury's apprehension and detention. The contents of those writings are as one would expect from a sovereign seeking a person of interest.

The Court concludes that Defendant's argument that the Government has not shown diligence would not be strengthened by requiring the Government to disclose the specific contents of the documents reviewed *in camera*. Rather, the Government should provide

Defendant with the following within thirty (30) days:

1. The title and date of every communication it issued in its attempt to locate and apprehend Defendant.

2. A description of the contents of each such communication, similar to the description that would be provided of a communication withheld on grounds of attorney-client privilege, including the names of the recipients of each such communication.

3. A similar description of any communication received from any of recipients to whom the communications referred to above were sent.

4. A description of any policy of the Department of Justice as to efforts that should be undertaken to apprehend a person of interest believed to be in a foreign jurisdiction.

5. A description, without disclosing the names of the individual defendants or other persons of interest, of efforts undertaken in similar prosecutions.

**IT IS SO ORDERED.**

SIGNED at Houston, Texas, on this the ___th day of March, 2019.

_____
KEITH P. ELLISON
UNITED STATES DISTRICT JUDGE