UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | § | |
| | § | |
| **VS.** | § | **CRIMINAL ACTION NO. 4:08-CR-763** |
| | § | |
| **SAMIR RAFIC KHOURY** | § | |

## MEMORANDUM AND ORDER

On December 6, 2019, the Court issued a Memorandum and Order (Doc. No. 47), denying Defendant Samir Khoury's Renewed Motion to Dismiss (Doc. No. 37). Defendant has filed a Motion for Rulings on Constitutional Issues not Addressed in December 6, 2019 Memorandum and Order. (Doc. No. 48). Defendant asks the Court to rule on the following constitutional issues:

(1) Whether prosecutors violated Khoury's Fifth Amendment right to due process in 2008 by publicly accusing him of a crime in a criminal proceeding without providing him a public forum for vindication.

(2) Whether prosecutors had a Sixth Amendment duty to notify Mr. Khoury of the charges no later than November 2009 when pre-trial delay became presumptively prejudicial or, alternatively, in February 2014 when the government, by its own admission, confirmed that Mr. Khoury was not traveling outside Lebanon.

The Court found it unnecessary to reach issue (1) in its December 6th Memorandum and Order. After considering Mr. Khoury's motion, the Court continues to find the alleged Fifth Amendment due process violation irrelevant to its Sixth Amendment speedy trial analysis.

Mr. Khoury argues that his due process claim is relevant because it bears on the second *Barker* factor, which looks at the reason for the delay. Specifically, he argues that "because sealing the indictment violated due process, the sealing also made the government exclusively responsible under the second *Barker* factor for the nearly ten years resulting delay." (Doc. 48 at 6).

However, even assuming, without deciding, that Mr. Khoury's due process right to a public forum for vindication was violated, that second *Barker* factor weighs against him. The violation

of an accused's due process right to a public forum for vindication may make the need for a speedy trial more pressing. *See United States v. Briggs*, 514 F.2d 794, 798 (5th Cir. 1975) ("The public ignominy of being accused of crime is one of the factors underlying the Sixth Amendment right to speedy trial."). But the issue of who caused the delay—the government or the defendant—is a separate issue. The Court found, and continues to find, that Mr. Khoury caused the delay because "Mr. Khoury strongly suspected his indictment and chose to remain in Lebanon as a result," with the purpose of "evadi[ng] prosecution." (Doc. 47 at 8).

Mr. Khoury further argues that the court should rule on his alleged due process violation because it is relevant to his argument that the indictment counts are time-barred by the five-year statute of limitations imposed by 18 U.S.C. § 3282(a). He argues: "A sealing that violates Due Process is indisputably improper, so the Indictment was 'found' only when it was unsealed." (Doc. 48 at 6). However, Mr. Khoury has cited to no case in which a court has dismissed an indictment as untimely because its sealing deprived the accused of a forum of vindication in violation of the Fifth Amendment. The Court declines to create such a novel exception in this case.

Regarding issue (2), the Court concludes it has adequately addressed the issue in its December 6th Memorandum and Order. (Doc. 47). In that Order, the Court held that "[u]nder the circumstances, the government demonstrated reasonable diligence." (Doc. 47 at 7). This holding implies that, under the circumstances, reasonable diligence did not require the government to notify Mr. Khoury of the charges against him. Indeed, this Court held that "it was reasonable to keep the indictment sealed to increase the likelihood that Defendant would venture outside Lebanon where he could be apprehended." (Doc. 47 at 10–11). The Court therefore construes the second half Mr. Khoury's Motion (Doc. 48) as a motion for reconsideration of these holdings.

Mr. Khoury cites to several cases in support of his claim that "sealing of indictments, or

other delay in notifying a defendant of criminal charges, can no longer be justified when pre-trial delay approaches one year." (Doc. 48 at 6). However, none of the cases that Mr. Khoury cites supports such a bright line rule. In each case cited, the defendant was unaware of the pending indictment, and so would have benefited from notice by the government. Here, in contrast, the Court previously found that Mr. Khoury "strongly suspected his indictment and chose to remain in Lebanon as a result." (Doc. 47 at 8). This difference matters because, as one of the opinions cited by Mr. Khoury states, "a defendant who evades prosecution is culpable in causing the delay, and the prejudice growing from such delay cannot be weighed in his favor." *United States v. Brown*, 169 F.3d 344, 349 (6th Cir. 1999).

Finally, Mr. Khoury argues that that reasonable diligence at least required the government to notify Mr. Khoury "in February 2014 when the government, by its own admission, confirmed that Mr. Khoury was not traveling outside Lebanon." (Doc. 48 at 10). The alleged "admission" is the government's statement that Mr. Khoury's decision to allow his U.S. passport to expire by 2014 "further confirmed his continued intention to avoid U.S. jurisdiction." (Doc. 38 at 23). If anything, however, the lapse of Mr. Khoury's U.S. passport supports the Court's prior holding that "it was reasonable to keep the indictment sealed to increase the likelihood that Defendant would venture outside Lebanon where he could be apprehended," (Doc. 47 at 10–11), because it confirms that was the governments only prospect for securing Mr. Khoury's presence for trial.

The Motion for Rulings on Constitutional Issues (Doc. No. 48) is **DENIED**.

**IT IS SO ORDERED.**

**SIGNED** at Houston, Texas, on this the 24th day of February, 2020.

KEITH P. ELLISON
UNITED STATES DISTRICT JUDGE